# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 05-0397 PHX-MHM |
| Plaintiff, | CV 05-2965 PHX-MHM (JM) |
| v. | **REPORT AND RECOMMENDATION** |
| Domingo Sixtos, | |
| Defendant/Movant. | |

Pending before this Court is Movant's amended "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" pursuant to 28 U.S.C. § 2255. *Docket No. 27.* In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Motion.

**I.   Conviction and Sentence**

Petitioner pleaded guilty on June 9, 2005, to violating Title 8, U.S.C. § 1326(a) enhanced by § 1326(b)(2) for Illegal Reentry After Deportation, a class C felony. *Docket No. 16.* On September 6, 2005, the Court sentenced Movant, pursuant to a Plea Agreement, to 65 months imprisonment and 3 years supervised release, and a $100.00 special assessment. *Docket No. 21* (Plea Agreement); *Docket No. 20* (Judgment of Conviction). Under the Plea Agreement, Movant received a three-level downward departure from the guideline imprisonment range pursuant to section 5K3.1, which provides for downward departures for

1 early disposition. Movant received an additional three-level downward departure for
2 acceptance of responsibility. These departures resulted in an adjusted offense level of 18
3 which, when considered with Movant's category VI criminal history, resulted in a guideline
4 sentencing range of 27 to 71 months. Without the Plea Agreement, Movant would have
5 faced a guideline level of 24 and a sentencing range of 51-125 months.

6 **II.    Waiver of Right to Collateral Attack**

7 The Government argues that Movant is foreclosed from pursuing relief under 28
8 U.S.C. § 2255because he waived that right. As part of his plea agreement, Movant made the
9 following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28 United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

18 *Docket No. 21*, at p. 4. Movant indicated in his plea that he had discussed the terms with his
19 attorney, that he agreed to the terms and conditions, and that he entered into it voluntarily.
20 *Docket No. 21*, at pp. 6-7. Movant also indicated that he understood that the sentencing
21 guidelines were advisory. *See United States v. Booker*, 125 S. Ct. 738 (2005). The Court
22 accepted the plea as made knowingly, intelligently and voluntarily. *Docket No. 20.*

23 Plea agreements are contractual in nature and their plain language will generally be
24 enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*,
25 398 F.3d 1149, 1153 (9th Cir. 2005). For example, a waiver of appellate rights is enforceable
26 if the language of the waiver encompasses the right to appeal on the grounds raised and the
27 waiver is knowingly and voluntarily made. *Id.*

28

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993). The only claims that cannot be waived are a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain), *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Movant's claims fit this exception. His ineffective assistance claim relates not to counsel's alleged mishandling of the sentencing proceedings, but to the plea agreement. He alleges that his counsel failed to negotiate and object to the findings and determinations that provided the basis for the plea offered by the Government. The assertions underlying his claims all pertain to alleged errors by counsel that, if they had not occurred, would have resulted in a different plea agreement. These claims implicate a claim of involuntariness. As such, the Magistrate Judge recommends that the Motion not be denied based on Movant's waiver.

**III.    Ineffective Assistance of Counsel**

Movant alleges four grounds of ineffective assistance of counsel. In *Hill v. Lockhart,* 474 U.S. 52 (1985), the Supreme Court held that the *Strickland* test for evaluating ineffective assistance of counsel claims applies to guilty plea challenges based on ineffective assistance of counsel. *Id.* at 58. The Court reasoned that a defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 56 (citing *McMann v. Richardson,* 397 U.S. 759, 771

(1970), and *Tollett v. Henderson,* 411 U.S. 258, 267 (1973)). Thus, Movant must show that (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Here, Movant fails to satisfy either of these requirements for any of his four claims.

Movant's first claim is that his counsel was ineffective because he "failed to object to the use of the now advisory guidelines." *Motion*, p. 4. His argument goes like this: the sentencing judge gave substantial weight to the guidelines, Movant's attorney did not object, and that resulted in a violation of *United States v. Booker*, 543 U.S. 220 (2005) because, by giving substantial weight to the guidelines, the judge in effect made the guidelines binding and, therefore, was required to submit any factual determinations to a jury to be proven beyond a reasonable doubt. There are several problems with this argument.

First, there is no evidence that the United States Sentencing Guidelines were considered mandatory by the sentencing judge. In *Booker*, the United States Supreme Court held, *inter alia*, the United States Sentencing Guidelines to be "advisory" rather than "mandatory." What evidence there is suggests that all involved were aware of the advisory nature of the guidelines. As noted by the Government, the Plea Agreement twice indicates that the Sentencing Guidelines are advisory. *See Response*, Attachment, pp. 6-7. Couple this with the fact that *Booker* was one of the most discussed cases of 2005, Movant's argument that the sentencing judge considered the guidelines mandatory is wholly unpersuasive.

Second, in *Booker,* the Supreme Court held that any fact, other than a prior conviction, necessary to support a sentence exceeding the maximum authorized by the facts had to be (1) admitted by a defendant or (2) proved to a jury beyond a reasonable doubt. *Id.* at 244. Movant offers no evidence that his sentence exceeded the maximum authorized by the facts of his case.

Third, in *United States v. Dupas,* 419 F.3d 916. 919 (9th Cir.2005), the Ninth Circuit stated that, "[t]he 'advisory guidelines' remedy gives the sentencing judge discretion to sentence outside the guideline range, but still allows the sentencing judge (as distinct from a jury) to make the findings of fact necessary to determine the guideline range in the first place." *See also United States v. Kilby,* No. 05-30112. 2006 WL 891044, at * 4 (9th Cir., April 7, 2006) (stating that factual disputes at sentencing are resolved by district judges by a preponderance of the evidence); *United States v. Mix,* No. 05-1088, 2006 WL 802535, * 7 (9th Cir., March 30, 2006) (stating that "the fact that the district court considered uncharged conduct in imposing a sentence of life imprisonment did not violate the Sixth Amendment."). Thus, even if the sentencing judge resolved factual disputes, rather than relying on a jury, there was no error.

Finally, Movant has not identified any factual determination that the Court should have referred to a jury. Based on these considerations, the Magistrate Judge can find no instance of ineffective assistance or prejudice and recommends that this claim be denied.

Movant next asserts that counsel was ineffective because he "did not object to the PSI report" because it did not include any information relevant to 18 U.S.C. § 3553(a). *Motion*, p. 4. Section 3553(a) provides a list of ten factors to be considered in imposing a sentence upon conviction of a criminal offense. To comply with the requirements of *Booker,* the district court must consider the Guidelines as well as the factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence. *See United States v. Delgado,* 357 F.3d 1061, 1071 (9th Cir.2004). However, "[w]hen a defendant contests the factual basis of a PSR, the district court remains obligated to resolve the dispute before exercising its sentencing discretion under *Booker. United States v. Ameline,* 409 F.3d 1073, 1086 (9th Cir.2005)(en banc). Thus, the sentencing court was obligated to resolve any dispute raised by Movant. The problem, once again, is that the Movant has failed to identify any fact that was inaccurate or omitted in the Pre-Sentence

Report. Thus, under *Strickland*, the Magistrate Judge is unable to identify either facts that suggest counsel's representation fell below the range of competence demanded of attorneys in criminal cases, much less any prejudice that may have resulted therefrom. It is recommended that this claim also be denied.

Movant's third claim is that the PSR overstated his criminal history. *Motion*, p. 5. Again, he does not identify the alleged overstatement so that his claim can be evaluated. This claim thus fails to provide a potential basis for relief.

Movant's final argument is that his "plea agreement was at the high end of the guide lines," and that his lawyer "should have tried for a way better deal that was in my best interest, instead of the government's interest." *Motion*, p. 5. This claim is unavailing also. The plea agreement called for Movant to be sentenced within the Guidelines for Level 24 Offenses. *Response*, Attachment, p. 4. As the Government explains, without the Plea Agreement, Movant would have faced a sentencing range of 51-125 months. *Id.*, p. 3. Thus, the plea negotiated by Movant's counsel, which stipulated to a sentencing range between 27 and 71 months, was much more favorable than the sentence Movant faced in the absence of the agreement. Movant does not identify what miracle his counsel should have performed to obtain an even better agreement.

Moreover, to the extent that this claim reflects Movant's displeasure with his sentence of 65 months, which was near the top of the range provided for in the Plea Agreement, it is misdirected. It was not his lawyer who determined the final sentence, but the judge. It was, of course, ultimately within her discretion to sentence petitioner anywhere within the range provided for in the Plea Agreement to which he agreed. *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir. 2006) (describing broad range of discretion for sentences within the guidelines). Given his criminal history, the sentence she imposed was well within her discretion. The Magistrate Judge recommends that this claim be denied.

**IV.     Recommendation**

For all of the above reasons, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** Movant's Motion to Vacate, Set Aside3 or Correct Sentence by a Person in Federal Custody filed January 17, 2006 [*Docket No. 27*].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-2965-PHX-MHM / CR 05-0397-PHX-MHM**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 11th day of October, 2006.

Jacqueline Marshall
United States Magistrate Judge

7